IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RAIBWAR RAOUF,　　　　　　　　　)
　　　　　Petitioner,　　　　　　　　)
　　　　　　　　　　　　　　　　　　)　　Civil Action No. 17-172 Erie
　　　　v.　　　　　　　　　　　　　)　　Magistrate Judge Susan Paradise Baxter
RAFAEL ZUNIGA, et al.,　　　　　　　)
　　　　　Respondents.　　　　　　　)

# **OPINION**[1]

Pending before the Court is a petition for a writ of habeas corpus filed by federal prisoner Raibwar Raouf (the "Petitioner") pursuant to 28 U.S.C. § 2241. He is challenging a disciplinary action taken against him in which he lost 27 days of good conduct time. As relief, he seeks an order from this Court directing that his incident report be expunged so that he may be restored the good conduct time he lost as a sanction. The Court denies the petition for the reasons set forth below.

## I.

**A.　Relevant Factual Background**

The Petitioner is serving a term of imprisonment imposed upon him by the United States District Court for the District of Connecticut in May 2014. The Bureau of Prisons (the "BOP") designated him to FCI McKean, which is located within the territorial boundaries of this Court. On November 17, 2016, Scott Eckert, who is a drug treatment specialist working at FCI McKean, searched the Petitioner's cell. At 7:30 p.m. on November 17, 2016, Eckert issued an incident report in which he stated:

> I was shaking down [the Petitioner's] cube and found the following items from Food Service in a laundry bag hanging on the wall: 1 piece of baked chicken; 6 apples; and 2 banana's [sic]. I also found the following items from food service in coolers under [the Petitioner's] locker: 2 lbs of shredded chicken; 1 lb of shredded cheese; and 1 onion. I

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

1

paged [the Petitioner] to his cube and questioned him about these items. He stated they
were his and admitted they were stolen from food service.

(ECF No. 9-4 at 2).

The disciplinary committee referred the incident report to a Discipline Hearing Officer ("DHO") for final disposition and imposition of sanctions. (Id.; ECF No. 9-6 at 2). The Petitioner was provided with a written notice of his rights. (ECF No. 9-5 at 2). He waived his right to a staff representative and declined to call witnesses to testify on his behalf. (ECF No. 9-6 at 2).

The Petitioner's disciplinary hearing was held on December 1, 2016. Keith Stauffer was the DHO. During his hearing, the Petitioner acknowledged that he had admitted to Eckert that the foodstuffs were his but stated that he did not "know where the items came from. They were given to me. I cook in the unit." (ECF No. 9-7 at 3). Stauffer determined that the Petitioner committed the violation of possessing stolen property. He noted that the items found in the Petitioner's cell "(shredded chicken, shredded cheese, baked chicken)[,] are not regularly for sale to the inmate population; therefore, they must have been stolen. You are responsible for items in your assigned cube." (Id.) As a sanction, the Petitioner was disallowed 27 days of good conduct time. (Id.)

After having no success in his administrative remedy appeal, the Petitioner commenced habeas proceedings in this Court by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 4). In relevant part, 28 U.S.C. § 2241 provides: "The writ of habeas corpus shall not extend to a prisoner unless … [h]e is in custody in violation of the Constitutional or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). The Respondent filed an answer (ECF No. 9) in which he contends that the petition should be denied on the merits. The Petitioner did not file a reply. LCvR 2241.D.2 ("the petitioner may file a Reply (also known as "a Traverse") within 30 days of the date the respondent files its Response.")

2

**B.     Discussion**

This Court has jurisdiction over the instant petition under 28 U.S.C. § 2241, which "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." McGee v. Martinez, 627 F.3d 933, 935 (3d Cir. 2010) (quoting Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001) and citing Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005)); Queen v. Miner, 530 F.3d 253, 254 (3d Cir. 2008) (per curiam) ("[a] challenge, such as this one, to a disciplinary action that resulted in the loss of good-time credits, is properly brought pursuant to § 2241, as the action could affect the duration of the petitioner's sentence.")

The Petitioner contends that he is entitled to habeas relief because Stauffer was not an impartial decision maker. (ECF No. 4 at 4). As a prisoner facing a deprivation of a liberty interest in a prison disciplinary hearing, he was entitled to procedures sufficient to ensure that his interest in his good conduct time was not arbitrarily abrogated. Wolff v. McDonnell, 418 U.S. 539, 557 (1974). Specifically, he had to be afforded certain minimal procedural protections, including, *inter alia*, an impartial tribunal. See id. at 570-71 (disciplinary committee was sufficiently impartial so as not to violate due process). The United States Court of Appeals for the Third Circuit Court has held that "the requirement of an impartial tribunal prohibits only those officials who have a direct personal or otherwise substantial involvement, such as major participation in a judgmental or decision-making role, in the circumstances underlying the charge from sitting on the disciplinary committee. This would normally include only those such as the charging and investigating staff officers who were directly involved in the incident." Meyers v. Alldredge, 492 F.2d 296, 306 (3d Cir. 1974). The BOP has established regulations that set forth the procedures for disciplinary actions. These regulations track the requirements set forth by the Supreme Court in Wolff, and in some respects exceed the required process set forth in that case. In order to ensure impartiality, the relevant BOP regulation provides that the DHO may not be "a victim, witness,

3

investigator, or otherwise significantly involved in the incident." 28 C.F.R. § 541.8(b). The regulation does not mandate that the hearing officer be completely divorced from or wholly unfamiliar with the underlying incident.

To support his claim that Stauffer was partial, the Petitioner attached to his petition affidavits prepared and submitted by the following inmates: Algernon Took, Kevin Torres, and Luis Guzman. (ECF No. 4 at 18-20). The Took affidavit relates that on November 17, 2016, he saw Stauffer enter the Petitioner's unit (the F-Unit Building) and then exit it approximately forty-five minutes later carrying "a large bag." (Id. at 20). Guzman's affidavit contains similar information. He states that he saw Stauffer walking towards the F-Unit building in the company of a number of drug treatment specialists. He later saw Stauffer and the specialists carrying bags and coolers out of the unit. (Id. at 19). As for Torres, he maintains that he saw Stauffer "participating in the shake down[,]" but the only specific act that he described he saw Stauffer perform was "coming out of F-Unit Building with a large bag of contraband." (Id. at 18).

The Respondent is correct that even if this Court accepted these allegations as true, they are insufficient to establish that the Petitioner is entitled to habeas relief. None of the affiants contend that Stauffer was involved in the search of the Petitioner's cell or witnessed anything regarding the search of his cell. Their statements demonstrate only that Stauffer was in the F-Unit Building during the shakedown and assisted generally in the removal of some contraband confiscated from the unit. The evidence provided by the Petitioner, if credited, does not establish that in his role as DHO that Stauffer lacked the partiality required by due process or that he was a "witness, investigator, or otherwise significantly involved[,]" 28 C.F.R. § 541.8(b), in the search of the Petitioner's cell.

4

C.  **Certificate of Appealability**

28 U.S.C. § 2253 codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000) (en banc), abrogated on other grounds by Gonzalez v. Thaler, 132 S.Ct. 641 (2012); 28 U.S.C. § 2253(c)(1)(B). As such, this Court makes no certificate of appealability determination in this matter.

**II.**

For the foregoing reasons, the petition for a writ of habeas corpus will be denied. An appropriate order follows.

Dated: August 8, 2018

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

cc:   Notice by ECF to counsel of record and by U.S. mail to the Petitioner at his address of record